IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| IAN HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-053 |
| | ) | |
| J. CARLISLE OVERSTREET, Judge, | ) | |
| Richmond County Superior Court, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this civil action he filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

**I.  BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Plaintiff's Prior Filing History.

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Harris v. Georgia Supreme Court, 1:14cv-186 (N.D. Ga. Feb. 24, 2014) (dismissed as frivolous); (2) Harris v. Dep't of Pardons and Paroles, 1:13-cv-01524 (N.D. Ga. July 26, 2013) (dismissed for failure to comply with a court order); and (3) Harris v. Supreme Court of Georgia, 1:12-cv-03235 (N.D. Ga. Nov. 26, 2012) (mandamus action dismissed for failure to state a claim). Indeed, Plaintiff concedes in this case that he has accumulated three strikes. (Doc. no. 1, p. 2; doc. no. 2.) In light of this concession, he "requests the 'Finch Remedy' apply to this civil action so he will be allowed to proceed with his complaint in forma pauperis." (Doc. no. 1, pp. 2-3.) Plaintiff does not explain or give a citation to the "Finch Remedy," and the Court is not aware of any such remedy that would excuse Plaintiff from compliance with PLRA filing requirements.

To the extent Plaintiff may be referencing Finch v. Lang, CV 614-066 (S.D. Ga. Sept. 4, 2014), that case affords Plaintiff no relief. There, United States District Judge B. Avant

Edenfield dismissed the plaintiff's case and imposed severe filing restrictions which prohibit the Clerk of Court from even opening a new civil action from that plaintiff without authorization from the Court that he presents a claim with any arguable merit. Finch, CV 614-066, 2014 WL 4385716, at *1-2 (S.D. Ga. Sept. 4, 2014). Here, Plaintiff's allegations that a state court judge ruled against him on a point of state law does not establish he has a plausible federal claim. In any event, the ruling in Finch says nothing about excusing a serial, abusive filer with otherwise complying with the PLRA, including meeting the "imminent danger of serious physical injury" exception to § 1915(g) for litigants such as Plaintiff who have amassed at least three strikes. As explained below, the allegations in Plaintiff's complaint do not satisfy this exception.

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff complains that the Honorable J. Carlisle Overstreet entered an improper ruling in a civil case Plaintiff filed in the Superior Court of Richmond County, Harris v. Mental Health Parole Board, Civ. Action File No. 2013-RCCV-00362 (Mar. 27, 2015). There is no allegation of any type of danger to Plaintiff, let alone imminent danger. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should

be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 20th day of April, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA